LOUIS SCHNEIDER, ESQ.
Nevada Bar No. 9683
430 South 7th Street
Las Vegas, NV 89101
(702) 435-2121/ office
(702) 431-3807/ facsimile
Attorney for Plaintiff
lcslaw@yahoo.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDREW ARRAND,

      Plaintiff,

-vs.-

COMMISSIONER OF SOCIAL SECURITY

      Defendant.

CASE No. 2:20-cv-00694-BNW

### STIPULATION AND ORDER EXTENDING TIME TO FILE A MOTION FOR REVERSAL AND/OR REMAND
(Second Request)

The Court filed and Order on December 18, 2020 regarding the filing of a Motion for Reversal and/or Remand. The Motion is due from Plaintiff on Sunday, January 17, 2021 with the following day being a holiday, Martin Luther King day. Based on the stipulation hereinbelow, Plaintiff requests an additional (30) days to file his Motion.

FRCP 6(b) states:

(b) Extending Time:
(1) In General.
When an act may or must be done within a specified time, the court may, for good cause, extend the time:
    (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
    (B) On motion made after the time has expired if the party failed to act because of excusable neglect.

Local Rule 6-1 states:

   (a) Every motion requesting a continuance, extension of time, or order shortening time shall be "Filed" by the Clerk and processed as an expedited matter. Ex parte motions and stipulations shall be governed by LR 6-2.

   (b) Every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested. A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:

STIPULATION FOR EXTENSION OF TIME TO FILE MOTIONS
(First Request)

   (c) The Court may set aside any extension obtained in contravention of this Rule.

   (d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

Local Rule 6-2 states:

   (a) Any stipulations, ex parte or unopposed motions requesting a continuance, extension of time, or order shortening time, and any other stipulation requiring an order shall not initially be "Filed" by the Clerk, but shall be marked "Received." Every such stipulation 20 | Page or ex parte or unopposed motion shall include an "Order" in the form of a signature block on which the Court or Clerk can endorse approval of the relief sought. This signature block shall not be on a separate page, but shall appear approximately one inch (1") below the last typewritten matter on the right-hand side of the last page of the stipulation or ex parte or unopposed motion, and shall read as follows:

"IT IS SO ORDERED:
[UNITED STATES DISTRICT JUDGE,
UNITED STATES MAGISTRATE JUDGE,
UNITED STATES DISTRICT COURT CLERK]
(whichever is appropriate)

DATED: _____"

   (b) Upon approval, amendment or denial, the stipulation or ex parte or unopposed motion shall be filed and processed by the Clerk in such manner as may be necessary.

2

The Ninth Circuit has held in <u>Ahanchian v. Xenon Pictures, Inc.</u>, 624 F.3d 1253, 1258-59 (9th Cir. 2010) that Fed. R. Civ. P. 6(b)(1) " '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.' *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976)); *see also* Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)." Id.

Plaintiff's counsel became ill the last week of 2020 and the first week of 2021. Plaintiff's counsel's assistant had been exposed to Sars-Cov-2 and was sick as well. However, after testing, her test came back negative as well as counsel for Plaintiff. Even so, this caused the need to request additional time to respond.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:**

1. That Plaintiff will have until February 16, 2021 to file his Motion for Reversal and/or Remand.

Dated: January 28, 2021

/s/ Louis Schneider, Esq.
Louis Schneider, Esq.
Nevada Bar No. 9683
430 South 7th Street
Las Vegas, NV 89101
(702) 435-2121/ office
(702) 431-3807/ facsimile
Attorney for Plaintiff

Dated: January 28, 2021

/s/ Allison J. Cheung, Esq.
Allison J. Cheung, Esq.
160 Spear Street, Suite 800
San Francisco, CA 94105-1545
(415) 977-8942 office
(415) 744-0134 facsimile
Attorney for Defendant

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE,

DATED: 2/8/2021

4